<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1278**

_____

LISA K. MULLEN,

                    Plaintiff – Appellant,

          v.

JOHN MCHUGH, Secretary of the Army, Army Corps of Engineers,
Huntington District,

                    Defendant – Appellee.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.   Robert C. Chambers,
District Judge.   (3:08-cv-00107)

_____

Argued:  September 22, 2011          Decided:  October 26, 2011

_____

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** James Lawrence Fuchs, SNIDER & ASSOCIATES, LLC,
Baltimore, Maryland, for Appellant.   J. Christopher Krivonyak,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia,
for Appellee.   **ON BRIEF:** Michael J. Snider, SNIDER & ASSOCIATES,
LLC, Baltimore, Maryland, for Appellant.   R. Booth Goodwin II,
United States Attorney, Kelly R. Curry, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa K. Mullen ("Mullen") appeals the district court's grant of summary judgment in favor of her employer, the U.S. Army Corps of Engineers ("the Agency" or "the Corps"), on her employment discrimination claims under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701-7961 (2006), for failure to accommodate and hostile work environment. We affirm.


I.

Mullen worked for the Corps in Huntington, West Virginia from 1983 until her retirement following a car accident in 2007 or early 2008. In 1989, Mullen suffered permanent nerve damage in her foot when she stepped on a nail while performing field work for the Corps. As a result of her injury, Mullen has since walked with the aid of a cane. Mullen filed numerous union grievances and at least two Equal Employment Opportunity Commission ("EEOC") charges claiming discrimination on the basis of her mobility impairments. In April 1993, Mullen and the Corps entered into a negotiated settlement agreement which allowed her to spend the first and last forty minutes of her work day in sedentary activities and required the Corps to make a good faith effort to find her a parking space near the federal building at which she worked. In February 1995, Mullen and the Corps amended the settlement agreement to allow Mullen twice as

2

much time to conduct field work assignments as the Corps would allow employees without physical limitation. Mullen filed new charges with the EEOC in 2002 and 2005. These charges are the subject of the instant case.

A.

In December 2000, Mullen requested the permanent assignment of a particular parking space directly adjacent to the federal building where she worked. In response to repeated requests by the Corps for medical documentation of her condition, Mullen provided documentation from 1992-93 of a permanent, substantial limitation in walking. The Corps responded that it did not question the permanency of her condition, but rather was asking for documentation of a specific functional limitation. Mullen did not provide additional documentation. In September 2001, the Corps denied Mullen's request for the parking space on the basis that the 1993 and 1995 negotiated settlement agreements had provided reasonable accommodations for her limitations as of that date, and since Mullen's medical documentation dated from 1992-93, she had established no additional or changed mobility restrictions beyond what the agency had already addressed. The Corps informed Mullen that she could submit additional medical documentation for further consideration at any time.

In January 2002, Mullen filed a grievance regarding the decision. The Corps, in a final agency decision rendered by

3

Colonel Rivenburgh, again denied Mullen's request on the basis of failure to submit sufficient medical documentation. Mullen's union invoked arbitration and, in June 2003, an arbitrator decided in Mullen's favor, ordering the employer to grant her the parking space and finding, in a conclusory fashion, in favor of Mullen on a claim of hostile work environment. See Am. Fed'n of Gov't Employees, L. 3729 v. U.S. Army Corps of Eng'rs, Slip Copy (June 10, 2003) (Skonier, Arb.). The Corps filed exceptions with the Federal Labor Relations Authority ("FLRA") regarding the arbitrator's finding that the Corps had failed to reasonably accommodate Mullen. The FLRA set aside the arbitrator's ruling on reasonable accommodation, finding it "legally deficient," and overturned the award of the parking space. J.A. 136-47. The FLRA emphasized that reasonable accommodation requires "dialogue between the employee and employer, a sharing of information back and forth, the goal of which is to identify the employee's needs," and held that "where the failure to provide a reasonable accommodation . . . is traceable to the fact that the employee did not provide necessary information, the agency is not liable for that failure." Id. at 141.

Mullen appealed to the EEOC Office of Federal Operations ("OFO"), which affirmed the FLRA's decision in November 2007. The OFO found "it was not unreasonable for the agency to request

4

an update of grievant's medical documentation as necessary to support her need for the new or additional accommodation of a parking place," and further that "grievant failed to provide updated medical information to determine whether her condition changed," leaving "the agency . . . unable to assess whether grievant's condition was sufficient to warrant the accommodation she requested." Id. at 153. It found that "the breakdown in the interactive process over the accommodation request resulted from grievant's failure to provide medical information dated more recently than 1992." Id. Mullen filed the underlying action in the district court on February 15, 2008.

B.

While administrative proceedings in the failure-to-accommodate case were ongoing, Mullen filed new formal charges with the EEOC in November 2005, January 2006, and September 2006 alleging disability discrimination and reprisal based on a continued hostile work environment. The administrative law judge ("ALJ") consolidated the proceedings on the two charges and held a hearing at which Mullen presented evidence of more than a dozen incidents she believed created a hostile work environment. On February 20, 2008, the ALJ issued a decision rejecting Mullen's claims on the basis that she was not an individual with a disability under the Rehabilitation Act of 1973, 29 U.S.C. § 705, relying on a finding that Mullen's

5

medical documentation from 1992-93 failed to demonstrate that she was "substantially limited in her ability to walk." J.A. 654.

The Corps filed its Final Agency Decision ("FAD") implementing the ALJ's decision on April 7, 2008, and Mullen received the decision on April 9, 2008. The FAD advised Mullen that she could file a civil action in federal court within 90 days. Mullen attempted to assert a hostile environment claim in the district court by amending her original complaint on July 23, 2008. The Corps subsequently moved for summary judgment.

## II.

In granting defendant's motion for summary judgment the district court carefully considered the record and concluded that Mullen had failed to provide sufficient evidence to support her claims of failure to accommodate and hostile work environment, and that the Corps was entitled to judgment as a matter of law. Mullen v. Harvey, No. 3:08-cv-00107, 2010 WL 454489, at *1 (S.D. W. Va. Feb. 2, 2010). The district court assumed without deciding that Mullen was disabled, id. at *5, but it rejected her failure-to-accommodate claim because it found that she had failed to provide the Corps with medical documentation showing her limitations had changed since 1993 and 1995, when she had previously entered into negotiated settlement

6

agreements with the Corps to provide her with accommodations. Id. at *6-7. The district court held that "[w]ithout more specific information about an increased or additional limitation, there was no duty to alter the existing accommodation or establish a new one." Id. at *6.

The district court then denied Mullen's hostile work environment claim on two independent grounds, one substantive and the other procedural. Id. at *8. The court concluded as a matter of law that the conduct Mullen complained of was not so severe or pervasive as to alter the conditions of her employment, a requisite element of a hostile work environment claim. Id. at *8-9. The court alternatively found that Mullen's hostile work environment claim failed because her federal court claim was untimely filed. Id. at *10.

As to the latter ground, there is no dispute that Mullen filed her original complaint on February 15, 2008, before she had exhausted her administrative remedies as to her second EEOC charge. Id. The ALJ announced her decision on February 20, 2008, judgment was entered on February 22, 2008, the FAD implementing the ALJ decision was filed on April 7, 2008, and Mullen received the FAD on April 9, 2008. Id. Under 29 C.F.R. § 1614.407, any federal court action based on the underlying charge of discrimination would have been timely within 90 days of Mullen's receipt of the FAD. However, Mullen did not seek to

7

amend her complaint in the underlying action until July 23, 2008 — well beyond the 90-day deadline. Finding that equitable tolling should not apply, the district court determined that Mullen's hostile work environment claim was procedurally barred. Id.

Mullen filed a timely appeal. We review the district court's grant of summary judgment in favor of the Corps de novo, examining the facts in the light most favorable to the nonmoving party. Anderson v. Russell, 247 F.3d 125, 129 (4th Cir. 2001).

III.

Having had the benefit of oral argument and having carefully reviewed the briefs, record, and controlling legal authorities, we agree with the district court's analysis of Mullen's failure to accommodate claim. Accordingly, as to that claim, we affirm on the basis of the district court's well reasoned opinion. With respect to Mullen's hostile work environment claim, we affirm on the basis that Mullen failed to file a timely action in the district court within 90 days of her receipt of the FAD as required under 29 C.F.R. § 1614.407, and accordingly, we do not reach the merits.

AFFIRMED